**SIGNED THIS: November 19, 2019**

_____
**Mary P. Gorman
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| In Re ) | |
| ) | Case No. 19-90467 |
| ERIN MARIE ZGONINA, ) | |
| ) | Chapter 7 |
| Debtor. ) | |

# O P I N I O N

Before the Court is a Motion to Dismiss Case for Abuse Pursuant to 11 U.S.C. §707(b)(1) and (b)(2), or in the Alternative, §707(b)(3), brought by the United States Trustee. For the reasons set forth herein, the Court finds that the Debtor's medical bills are consumer debts and that the Debtor's debts are therefore primarily consumer debts. The Debtor must therefore complete the "means test" on Official Forms 122A-1 and 122A-2. The Court also finds, however, that completing the forms is only the first step in determining whether the case should be dismissed. Only after completion of the forms will it be clear whether

a presumption of abuse exists, and, because §707(b)(1) provides that a court "may" dismiss a case for abuse but does not require such dismissal, further hearing will be needed to determine if the Motion to Dismiss should be granted.

## I. Factual and Procedural Background

Erin Marie Zgonina ("Debtor") filed her voluntary petition under Chapter 7 on May 9, 2019. On her Petition, she stated that her debts were neither primarily consumer debts nor primarily business debts; she specifically identified her medical bills and student loans as debts that were not consumer or business debts. With her Petition, the Debtor filed Official Form 122A-1 with a 1Supp form attached, claiming an exemption from the otherwise required presumption-of-abuse calculation because her debts were not primarily consumer debts.

On her original Schedules D and E/F, the Debtor listed $6769 for a secured auto-loan debt and $194,948.95 in non-priority, unsecured debt. She later filed amendments to her Schedule E/F, removing duplicate listings and thereby reducing her non-priority, unsecured debt to $164,053.95. Of the resulting total debt of $170,822.95, the Debtor identified $82,426.49 as medical debt, $62,706 as student loan debt, and $25,690.46 as other debt. The other debt consists of her auto loan and a number of credit card obligations.

The United States Trustee ("UST") filed the Motion to Dismiss for Abuse Pursuant to 11 U.S.C. §707(b)(1) and (b)(2), or in the Alternative §707(b)(3) ("Motion to Dismiss"), asserting that the Debtor's medical bills and student loans were consumer debts and that the Debtor was therefore not exempt from completing the required forms to calculate whether her filing raised a presumption

of abuse. The UST pointed out that the Debtor's annual income was in the $100,000-range, making her an over-the-median-income debtor who, most likely, could pay a significant dividend to unsecured creditors if the case were converted to one under Chapter 13. The UST provided a draft analysis of what the Debtor's means-test calculation would be if the required forms were properly completed and suggested that the Debtor could pay approximately $159,000 to unsecured creditors through a sixty-month Chapter 13 plan.

At a hearing on the Motion to Dismiss, the Debtor's attorney argued that, because they are involuntarily incurred, medical bills are not consumer debts and the Debtor's debts were therefore not primarily consumer debts. Both the attorney for the UST and the attorney for the Debtor agreed that if the Court found that the Debtor's medical bills were consumer debts, the Debtor would have primarily consumer debts, Official Forms 122A-1 and 122A-2 would be required to be completed, and the presumption of abuse would likely arise. Accordingly, they agreed to brief only the issue of whether medical bills are consumer debts, leaving the issue regarding student loans for another day. Briefs have been filed by both the UST and the Debtor, and the matter is ready for decision.

## II. Jurisdiction

This Court has jurisdiction over the issues before it pursuant to 28 U.S.C. §1334. All bankruptcy cases and proceedings filed in the Central District of Illinois have been referred to the bankruptcy judges. CDIL-Bankr. LR 4.1; *see* 28 U.S.C. §157(a). The issue presented here is key to the administration of the Debtor's estate and is a core proceeding. 28 U.S.C. §157(b)(2)(A). The matter arises from the

Debtors' bankruptcy itself and from the provisions of the Bankruptcy Code and may therefore be constitutionally decided by a bankruptcy judge. *See Stern v. Marshall*, 564 U.S. 462, 499 (2011).

### III. Legal Analysis

After giving a debtor notice and an opportunity to be heard, a court may dismiss a case filed under Chapter 7 or convert the case to one under another chapter, "if it finds that the granting of relief would be an abuse of the provisions" of Chapter 7. 11 U.S.C. §707(b)(1). To assist courts in determining whether abuse exists, formulas for calculating and considering a debtor's income and expenses are provided in the statute. 11 U.S.C. §§101(10A), 707(b)(2). Official Forms 122A-1 and 122A-2 have been adopted for use by debtors in submitting the required information about income and expenses pursuant to §707(b). The process of considering a debtor's income and expenses to determine whether abuse should be presumed is generally referred to as a "means test."

One limitation on the means-test process is that it applies only to debtors "whose debts are primarily consumer debts[.]" 11 U.S.C. §707(b)(1). Consumer debt means "debt incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. §101(8). The term "primarily" is not defined in the Code but generally means "for the most part" or "chiefly." *Primarily Definition*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/primarily (Last visited November 19, 2019). Notwithstanding the general definition suggesting that "primarily" requires more than merely half of the total, the majority of courts have held that a debtor's debts are primarily consumer debts if consumer debts

are more that 50% of the total amount of scheduled debt. *See In re Hlavin*, 394 B.R. 441, 446-48 (Bankr. S.D. Ohio 2008) (collecting cases).

Because the Debtor says that her medical bills and student loans are not consumer debts, she claims that her debts are not primarily consumer debts. If she is only required to count her auto loan and credit cards as consumer debt, then only about 15% of her total debt is consumer debt. But if she must count her medical bills as consumer debts, then, combined with her auto loan and credit cards, her consumer debt would be over 63% of her total debt. She concedes that, in that case, her debts would be primarily consumer debt.

The Debtor is a single person and acknowledges that all of the scheduled medical bills relate to services and treatments received by her alone. She claims—and the UST does not dispute—that the services and treatments were medically necessary and did not involve optional or elective procedures. She says that she had health insurance at the time she received the services and treatments and that what she owes now represents the portion of her bills left unpaid after the application of insurance payments.

In arguing that her medical bills are not consumer debts, the Debtor relies on *In re Dickerson*, 193 B.R. 67 (Bankr. M.D. Fla. 1996). In *Dickerson*, the court specifically categorized a debtor's medical bills as non-consumer debt. *Id.* at 70. But the contested issue before the *Dickerson* court was whether the debtor's mortgage was a consumer debt and not whether the medical bills were consumer debts. In fact, the case contains absolutely no analysis or discussion about why the medical bills were categorized as non-consumer debt. Further, the medical bills in question totaled only $459.15 and represented a minuscule amount of the

total debt. *Id.* Categorizing the medical bills as non-consumer debt in *Dickerson* made no difference in the ultimate outcome of the case. Thus, *Dickerson* provides no help or guidance in deciding the issue here.[1]

The Debtor asks the Court to consider her medical bills as similar to tax debts that have been held by several courts not to be consumer debts. *See, e.g., In re Westberry*, 215 F.3d 589, 591 (6th Cir. 2000); *In re Greene*, 157 B.R. 496, 497 (Bankr. S.D. Ga. 1993). In *Westberry*, the court found that, for purposes of enforcing the co-debtor stay in a Chapter 13 case, tax debts were not consumer debts and the stay was not applicable. *Westberry*, 215 F.3d at 591. Tax debts are imposed rather than voluntarily incurred, such debts are levied for a public purpose and not incurred for personal or household purposes, and tax debts do not involve consumption or extensions of credit. *Id.*; *Greene*, 157 B.R. at 497. Although there is some argument to be made that when medical services are needed, a debtor has no choice in the matter and does not voluntarily incur such debt, that argument is insufficient to persuade the Court that medical bills are not consumer debts. One distinguishing feature between taxes and medical bills is that taxes are levied for public purposes, without regard to any direct personal benefit to the taxpayer. Receiving medical treatments and services, on the other hand, is personal and provides a direct traceable benefit to a debtor or the debtor's dependents, and, accordingly, the resulting debt fits squarely within the

---

[1] Likewise, the UST's citation to *In re Traub*, 140 B.R. 286 (Bankr. N.D. Ala 1998), was equally unhelpful. In *Traub*, the court did say that a $336.57 medical bill was "clearly a consumer debt." *Id.* at 289. But the case contained no analysis regarding the nature of the medical bill; the real issues before the court involved categorization of over $800,00 in other debts, and labeling the medical bill as consumer debt had no impact on the outcome of the case.

definition of consumer debt.

Likewise, the Debtor's suggestion that medical bills should be treated like debts incurred for tortious conduct is not persuasive. Debts that arise from negligence are generally not considered consumer debts. *In re Peterson*, 524 B.R. 808, 812 (Bankr. S.D. Ind. 2015) (collecting cases). One who commits a tortious or negligent act is not acting with a personal or household purpose in mind.

The UST correctly points out that there are a number of federal statues that protect the rights of health care consumers. The Health Insurance Portability and Accountability Act of 1996 specifically addresses the protection of private health care information and provides for penalties for the wrongful disclosure of individual identifiable health information. 42 U.S.C. §1320d-6. Both the Truth in Lending Act ("TILA") and the Fair Debt Collection Practices Act ("FDCPA") have been held to protect the rights of consumers of health care services and to apply in actions for the collection of medical debts. *See Wolfington v. Reconstructive Orthopaedic Associates II PC*, 935 F.3d 187 (3rd Cir. 2019) (TILA applies to extensions of credit for medical services); *Boucher v. Finance System of Green Bay, Inc.*, 880 F.3d 362 (7th Cir. 2018) (FDCPA applies to the collection of medical debt).

It is also important to note that the definition of consumer debt found in §101(8) applies throughout the Code; construing that definition as the Debtor requests would impact other provisions in unfortunate ways. For example, in Chapter 13 case, an automatic co-debtor stay extends to individuals jointly liable with the debtor on consumer debts. 11 U.S.C. §1301(a). And Chapter 13 plans may include provisions providing for different treatment—usually better

treatment—of consumer debts for which another individual is jointly liable. 11 U.S.C. §1322(b)(1). Construing the definition of consumer debts to exclude medical bills would unduly limit the options for payment and the protections afforded to debtors and their family members through Chapter 13.

For the reasons discussed above, the Court must find that, under the circumstances presented, the Debtor's medical bills are consumer debts. Federal consumer protection laws such as TILA and FDCPA apply to the collection of medical bills, and the Court will not enter findings that suggest otherwise. Likewise, the Chapter 13 protections for consumer debts upon which another individual is jointly liable apply to medical debt, and the Court will not enter findings that could be construed to limit those protections.

## IV. Conclusion

The Debtor's medical bills, combined with her auto loan and credit card debt, represent 63% of her total debt. All of this debt is consumer debt, and the Debtor's attorney has conceded that, if the Court found the medical bills to be consumer debt, her debts would be primarily consumer debts. Accordingly, the Debtor will be ordered to comply with the means test requirements of §707(b) and complete Official Forms 122A-1 and 122A-2 if she wishes to further contest the UST's Motion to Dismiss. Alternatively, she may wish to file her own motion to dismiss or convert her case. She will be given a brief amount of time to consider her options and to act accordingly.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###